### H. C. STEPHENS *v.* MARY JONES, ET AL.

**Sheriff's Sale of Real Estate.**

> The sheriff can only legally sell as much of the debtor's land as will make his debt, interest and costs, and when he sells more he exceeds his authority, and such sale passes no title.

**Judgment in Setting Aside a Sale.**

> Where a sheriff's sale of land on execution is set aside because illegal, but the purchaser pays his bid and had possession under his purchase, the court should adjudge that the interest on the money should be set off against the rent of the land from the date of the purchase.

APPEAL FROM KNOX CIRCUIT COURT.

November 1, 1877.

OPINION BY JUDGE ELLIOTT:

In 1861 two executions issued from the Knox Circuit Court, one in favor of Anderson Stewart and the other in favor of J. C. Westerfield, and both of them against appellant.

These executions were levied on a tract of land belonging to appellant, lying in Knox county, which land was sold in satisfaction of the execution debts and brought the sum of $800, that sum being,

as the officer who sold the land stated, the amount of the executions. At this sale J. J. Jones became the purchaser of the appellant's tract of land, and the sheriff afterward having made him a deed to it, he took possession of it about the first of the year 1863, and held it up to 1868, when by proceedings in this suit the appellant regained the possession.

At the time of Jones's purchase of his land appellant had been driven from the state by some home guards in Knox county in consequence of a suspicion that he was a southern man, as they called him, and the evidence is abundant that it would have been unsafe for him to have been at the sale of his land or to have returned to his home till after the late Civil War.

This suit was brought by appellant against J. J. Jones's heirs-at-law, he having died, to recover his land and to set aside the execution sale to J. J. Jones. On hearing the court set aside the sale to Jones, but adjudged that appellant should repay to appellees the amount Jones bid for the land, with interest, subject to a credit for the value of the rent, etc., while Jones held possession.

There can be no doubt but that the judgment annulling the sale to Jones is correct, for the bid of Jones, the purchaser, was $800, which was a considerable sum over the amount of the execution debts, and therefore the sale was void. The sheriff could only sell as much of the land of the defendant in the execution as would make his debt, interest and cost, and having sold more he exceeded his authority and the sale passed no title. But we are of opinion that the court erred in adjudging that appellant should pay the appellees the whole amount of the $800 bid by John J. Jones for the land.

If the sheriff sold the land for a greater sum that was due upon the executions in his hands he violated his duty, but this could not increase the liability of the defendant in the execution. All that appellant owed at the time his land was sold was the amount of the two executions levied on it, with their interest and cost, and the illegal acts of the sheriff in selling his land for more than he owed on the execution debts did not and could not increase appellant's liability to the purchaser under this illegal sale. We are also of opinion that the court erred in not adjudging that the interest on the money due appellees should be set off against the rent of the land for the time they and their ancestors had it after the purchase. The general rule, as between vendor and vendee on a rescission of a contract where the vendee has been in possession and the vendor has been paid the purchase price, is to set off the rent against the inter-

est on the purchase price of the land, and as appellees' ancestor took possession of the land in dispute under a sale by a public officer, which, if valid, was equal to a sale made by him, when that sale is rescinded the rent of the land and the interest on the purchase price should be set off, the one against the other, for the time that appellees and their ancestor have been in possession.

We are of opinion that the damage done to the land by appellees and their ancestor is equal in value to any improvements made by them, and that all that the appellees are entitled to is a judgment for the amount of the executions upon which appellant's land was sold, with interest on that sum from the time that appellant regained the possession of the land.

Wherefore the judgment is *reversed* and cause remanded for further proceedings in conformity to this opinion.

*J. & J. W. Rodman, for appellant. J. H. Tinsley, for appellees.*